# United States Court of Appeals
# for the Fifth Circuit

No. 21-60839
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2022

Lyle W. Cayce
Clerk

Bernard Anoumbissi,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 455 940

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:*

Bernard Anoumbissi, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) finding him not credible and denying his application for asylum, withholding of removal, and relief under

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the Convention Against Torture (CAT).    The BIA agreed with the IJ: Anoumbissi's testimony was not credible; and he failed to present sufficient corroborating evidence to support his claims.    He challenges the adverse credibility determination and maintains he presented sufficient evidence showing his eligibility for relief.

To the extent Anoumbissi contends inconsistencies in his testimony are due to language barriers, these claims are unexhausted because they were not presented to the BIA.  Therefore, our court lacks jurisdiction to consider them. *E.g.*, *Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022); 8 U.S.C. § 1252(d)(1).

The BIA's factual findings are reviewed for substantial evidence; its conclusions of law, *de novo*.  *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).  The substantial-evidence standard applies to factual determinations that an alien is ineligible for asylum, withholding of removal, and CAT protection.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under this standard, our court will reverse the BIA's decision only when "the evidence compels a contrary conclusion".  *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).  "In other words, the alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.*

The IJ's ruling is reviewed only to the extent it affected the BIA's decision. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  In determining credibility, the IJ "may rely on any inconsistency or omission".  *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (citations omitted); 8 U.S.C. § 1158(b)(1)(B)(iii).  If the IJ determines the "totality of the circumstances" requires an adverse credibility finding, our court will defer to that finding so long as it is "supported by specific and cogent reasons".  *Singh*, 880 F.3d at 225 (citations omitted).

The BIA and IJ found: numerous inconsistencies, as noted in part above, between Anoumbissi's testimony and other record evidence; significant omissions in affidavits he submitted; and several aspects of his testimony implausible. As a result, the adverse credibility determination was "supported by specific and cogent reasons". *Id.* He fails to show the evidence compels a contrary conclusion. *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (IJ's adverse credibility decisions upheld unless no reasonable fact finder could reach such result).

As the adverse credibility finding was proper, the evidence does not compel a finding he was eligible for asylum, withholding of removal, or CAT relief. *E.g.*, *Avelar-Oliva v. Barr*, 954 F.3d 757, 763–70 (5th Cir. 2020) (where petitioner's testimony is incredible, failure to provide sufficient corroborating evidence may be "fatal to an alien's application for relief"); *Efe v. Ashcroft*, 293 F.3d 899, 907–08 (5th Cir. 2002) (CAT relief requires applicant show "it is more likely than not" he would be tortured).

DISMISSED in part; DENIED in part.